UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FABIAN MENDEZ,<br><br>             Petitioner,<br><br>      v.<br><br>UNTIED STATES OF AMERICA,<br><br>             Respondent. | CASE NO. C14-5228 BHS<br>            CR10-5723BHS<br><br>ORDER DENYING PETITIONER'S MOTION |

This matter comes before the Court on Petitioner Fabian Mendez's ("Mendez") motion to set aside, vacate, or correct sentence (Dkt. 1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 30, 2011, Mendez was found guilty by a jury of conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute. Cause No. 10-5723, Dkt. 149. The jury also found that each crime involved 500 grams or more of the drug. *Id*.

On August 27, 2012, the Court sentenced Mendez to 120 months imprisonment, the statutory mandatory minimum. *Id*., Dkt. 196. On September 5, 2012, Mendez appealed. *Id*., Dkt. 207. On July 22, 2013, the Ninth Circuit Court of Appeals affirmed the conviction and sentence. *Id*., Dkt. 217.

On March 17, 2014, Mendez filed the instant motion to set aside vacate or correct his sentence pursuant to 28 U.S.C.§ 2255. Dkt. 1. He maintains that both his Sixth Amendment

right to trial by an impartial jury and his due process right to have the jury find, beyond a reasonable doubt, all elements necessary to increase his sentence above mandatory minimum were violated. *See id.*

## II. DISCUSSION

Mendez bases his arguments largely on a recent Supreme Court decision, *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *See* Dkt. 1. He argues that because the Court increased his sentence by "holding him accountable for 3-kilograms of methamphetamine," although the jury only found that each crime it convicted him of involved 500 grams or more of the drug, his rights were violated. Dkt. 1 at 3-4. According to Mendez, this is contrary to the holding in *Alleyne*, which requires any fact that increases the mandatory minimum to be found by the jury. *Id*. In conjunction with this error, Mendez argues, the jury did not find beyond a reasonable doubt that he was responsible for three kilograms, which is necessary for the implementation of his current sentence, thus violating his right to due process. *See id.* at 4-6 (*citing United States v. Gaudin*, 515 U.S. 506, 510 (1995) (the "Due Process Clause requires that each element of a crime be proved to the jury beyond a reasonable doubt").

In *Alleyne*, the Supreme Court held that a fact that increases the mandatory minimum is an element that must be submitted to the jury. *Alleyne*, 133 S.Ct. at 2163. The statutes under which Mendez was convicted carry a mandatory minimum of one hundred and twenty (120) months in custody and a term of supervised release of not less than five years. *See* 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(A). Contrary to Mendez's understanding, the Court did not base his sentence on its own finding that Mendez was in possession of three kilograms of methamphetamine, nor did it use such a finding to increase his sentence beyond the mandatory minimum. Mendez received the only the mandatory minimum sentence for the crimes of which

he was convicted. There was no extra element used to increase his sentence, so no additional element needed to be found by the jury beyond a reasonable doubt. Thus, although no Ninth Circuit case has determined if *Alleyne* is retroactively applicable, as Mendez argues (Dkt. 1 at 3), even if it is, *Alleyne* has no application to the instant case.

If the Court is unable to grant him relief now, Mendez asks that the Court take judicial notice that the "Smarter Sentencing Act" ("Act") is now "pending in Congress." Dkt. 1 at 6. Mendez believes this Act will provide an avenue for seeking a sentence reduction, and he requests the Court hold its decision in "abeyance" until Congress "rules" on the Act. *Id.* The Court declines to do so. If the Act is passed and it provides him a legitimate avenue to challenge his sentence, then Mendez may attempt to seek a sentence reduction pursuant to the pertinent provisions of the Act and other relevant legal authority.

## III. ORDER

Therefore, it is hereby **ORDERED** that Mendez's motion to set aside, vacate, or correct sentence (Dkt. 1) is **DENIED.** A certificate of appealability is also **DENIED**.

Dated this 21st day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge